UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>John Michael Vazquez<br>United States District<br>Judge | Frank R. Lautenberg<br>Post Office and<br>Courthouse<br>2 Federal Square, Room 417<br>Newark, NJ 07102<br>973-297-4851 |

November 28, 2016

## LETTER OPINION

Re:   Inzar v. New Jersey Dep't of Corrections, *et al.*
       Civil Action No. 16-05547

Dear Litigant:

The Court is in receipt of your complaint, motion for *pro bono* counsel, and application to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. *See* D.E. 1 & 2.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). And when considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

In addition, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir.1981)). If subject matter jurisdiction is lacking, the Court must dismiss the action.

Fed. R. Civ. P. 12(h)(3). A federal court has jurisdiction in a civil case if either a federal question is presented or if the parties are completely diverse and the attendant monetary threshold is satisfied. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

The facts of this matter are derived from Plaintiff's complaint. On November 22, 2014, Plaintiff was visiting her fiancé, Hakeem Allen, who was incarcerated at East Jersey State Prison ("EJSP"). D.E. 2. Plaintiff was "removed from [the visiting hall] and told not to return." *Id.* Plaintiff does not specify why she was asked to leave the prison or why she could not come back. Apparently as a result of this incident, Plaintiff's was suspended from visiting her fiancé for twelve months. *Id.* On February 23, 2015, Plaintiff was permanently barred "from all New Jersey State [Penal] Institutions." *Id.* It is not clear from the complaint what occurred prompting this greater sanction. On December 18, 2015, "Plaintiff submitted [a] request for contact visitation reinstatement," which apparently resulted in Plaintiff obtaining reinstatement of "window visits only." *Id.* On August 2, and August 23, 2016, Plaintiff again sought to obtain "contact visits," but both requests were apparently denied. *Id.* Plaintiff filed this complaint seeking an order permitting her to engage in "contact visits" with her fiancé. D.E. 1. Plaintiff's complaint names the following five defendants: (1) the New Jersey Department of Corrections ("NJDOC"), (2) Gary Lanigan, Commissioner of the NJDOC, (3) Patrick Nogan, Administrator of EJSP (4) Eddie Weldon, Assistant Administrator of EJSP, and (5) Helen Adams, Assistant Administrator of EJSP.

Plaintiff's complaint is deficient in three respects.

First, Plaintiff has not set forth a basis for the Court's subject matter jurisdiction. "Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). The basis for a district court's federal question jurisdiction is found in 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, the complaint fails to set forth facts to support federal question jurisdiction. Plaintiff does not identify how her complaint raises an issue arising under federal law. Even when viewing the complaint liberally, the Court is unable to ascertain a violation of a federal right that would create federal question jurisdiction. Notably, the Federal Constitution does not recognize a right to contact visits, which is the entire basis of Plaintiff's complaint. *Block v. Rutherford*, 468 U.S.

2

576, 589 (1984) (holding that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"). In short, the nature of the cause of action pursued by Plaintiff is unclear, and thus, the Court is unable to ascertain whether the complaint alleges a violation of the Constitution or a federal statute.

Additionally, the complaint fails to establish diversity jurisdiction. According to the complaint, Plaintiff lives in New Jersey, and the addresses listed for all of the Defendants are in New Jersey as well. Although the individual Defendants' addresses appear to be their places of employment (as opposed to their home addresses), Plaintiff has provided no facts indicating that they are citizens of a state other than New Jersey. Moreover, the NJDOC is not a citizen of any state for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) (holding that a State and "the arm or alter ego of the State" is not a citizen for purposes of diversity jurisdiction); *Johnson v. New Jersey Dep't of Corr.*, No. 06-926, 2006 WL 1644807, at *2 (D.N.J. June 2, 2006) (noting that "the New Jersey Department of Corrections is an arm of the State"). Accordingly, the parties here are not diverse. Moreover, Plaintiff does not allege that she sustained damages in an amount greater than the statutory threshold. For those reasons, the Court concludes that it lacks subject matter jurisdiction.

Second, Plaintiff does not demonstrate why the New Jersey Department of Corrections and the other named defendants are not shielded from liability under the doctrine of sovereign immunity. "Under the Eleventh Amendment, states and state agencies are immune from suit in federal court." *Walker v. Beard*, 244 F. App'x 439, 440 (3d Cir. 2007). Without question, "the NJDOC is a state agency entitled to sovereign immunity under the Eleventh Amendment." *Scott v. Corr. Med. Servs., Inc.*, No. 06-5552, 2007 WL 3231785, at *1 (D.N.J. Oct. 30, 2007). Plaintiff pleads no facts indicating why the NJDOC and the individual defendants acting in their official capacities are not entitled to sovereign immunity. Therefore, Plaintiff's complaint is barred by the doctrine of sovereign immunity.

Third, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff does not identify what legal theory she is proceeding under. The complaint alleges that she has been denied contact visits with her fiancé, but does not specify what cause of action is implicated as a result. The Court is unaware of any viable cause of action arising under the facts as alleged. Accordingly, Plaintiff has failed to state a claim for which relief can be granted.

In conclusion, the Court grants Plaintiff's application to proceed *in forma pauperis*. The Court dismisses Plaintiff's complaint without prejudice. Plaintiff shall have forty-five (45) days to file an amended complaint if she intends to do so. The Court reserves its decision on Plaintiff's motion for appointment of *pro bono* counsel. Plaintiff may renew her motion if she files an amended complaint establishing the Court's jurisdiction and a viable cause of action or actions.

John Michael Vazquez, U.S.D.J.

3